UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JERRY WAYNE DECKER,            ) | |
|     Plaintiff,            ) | |
| v.                              ) | No. 1:25-cv-00174-SEP |
|                                 ) | |
| JOSH HAWLEY,                    ) | |
|     Defendant.           ) | |

## **MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Jerry Wayne Decker's application to proceed in district court without prepayment of fees and costs, Doc. [3], and his motion to appoint counsel, Doc. [2]. Based on Plaintiff's financial information, the Court grants the application and assesses an initial partial filing fee of $1.00. On initial review, the Court dismisses the complaint for failure to state a claim upon which relief may be granted.

### INITIAL PARTIAL FILING FEE

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action must generally pay the full filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After paying the initial partial filing fee, the prisoner must make monthly payments of 20% of the income credited to the prisoner's account the preceding month. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10 until the filing fee is fully paid. *Id.*

Plaintiff has not submitted his account statement from the Cape Girardeau County Jail. He states that he has no income or cash or anything else of value. Based on this information, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim

for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff brings this action against Defendant Josh Hawley. Plaintiff alleges that when Hawley was Missouri's Attorney General, he changed Plaintiff's criminal sentence from five years running concurrently with other charges to seven years running consecutive to other charges. Plaintiff further alleges that, as a result, his parole date was changed from May 3, 2017, to June 3, 2021. *See* Doc. [1] at 4. Plaintiff seeks $500,000 in punitive damages and $500,000 in compensatory damages for the alleged false imprisonment.

## DISCUSSION

Plaintiff's claims appear to be time-barred. Although 42 U.S.C. § 1983 contains no statute of limitations, the Supreme Court has held that "§ 1983 claims accruing within a

particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011).  Missouri has a five-year statute of limitations for personal injury actions.  MO. REV. STAT. § 516.120(4); *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005).  While the statute of limitations may ordinarily be raised as an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff seeks monetary damages for alleged false imprisonment arising from a criminal sentence imposed in Missouri state court on March 14, 2017.  *See State v. Decker*, No. 13BT-CR00101 (36th Jud. Cir. Mar. 14, 2017) (Butler County).  The statute of limitations for this § 1983 action expired on March 14, 2022—three and a half years before Plaintiff filed this lawsuit on October 21, 2025.  The Court will therefore dismiss this action for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepayment of fees and costs, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff must make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, Doc. [2], is **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of December 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE